UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hector Lopez, *on behalf of himself and others similarly situated*,<br><br>                              *Plaintiff*,<br><br>   -against-<br><br>Capsule Corporation,<br><br>                              *Defendant*. | No.<br><br>**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Hector Lopez "Plaintiff"), individually and on behalf of all other similarly situated persons employed by Capsule Corporation ("Capsule" or "Defendant"), as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendant failed to pay Plaintiff and a proposed class of others similarly situated, who worked at Defendants' Umbrella Hotels in New York State, the required overtime pay of time and one-half for hours worked in excess of forty hours per week and failed to pay them the required minimum wage for all hours worked as a result of improperly deducting meal breaks that Plaintiff and the proposed class were not able to take due to Defendant's work demands and policies.  Plaintiff and a proposed class are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid minimum wages; (3) liquidated damages on those amounts; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he and a proposed class of other similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages for untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

5. Plaintiff Hector Lopez is an adult over 18 years of age, a citizen of New York.

6. Defendant Capsule Corporation is incorporated in Delaware. It conducts business in New York.

7. Defendant maintains a service of process address on file with the New York Department of State in the care of Cogency Global Inc. presently as follows: 122 E. 42ND ST., 18TH FLOOR, NEW YORK, NY, 10168.

8. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

9. Defendant maintained control, oversight, and direction over Plaintiff and the proposed class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

10. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, is considered an employer under the NYLL.

11. Defendant applies the same employment policies, practices, and procedures to all non-exempt workers, including cafeteria workers in its operation, including policies, practices, and procedures with respect to its uniform policy and the frequency with which it paid its employees and the way in which it provided them with wage notices and periodic wage statements.

## STATEMENT OF FACTS

12. Defendant Capsule Corporation operates a pharmacy delivery service that allows its customers to order their medications online and have them delivered to their homes using a phone app. Upon information and belief, Capsule's annual revenue is approximately $200 million per year and it employs over 800 people with 200 or more of those employees working for them in New York State.

13. Plaintiff worked as a mobile dispatcher for Defendant.

14. The company maintains several phone numbers including 212-675-3900.

15. The below facts pertaining to Plaintiff are alleged to the best of his recollection and based on limited evidence he has retained from his employment. Plaintiff reserves the right to provide a more precise statement of wage and hour information after obtaining the relevant records through discovery in this action, including the records required by the NYCRR.

16. Upon information and belief, Defendant's employment and payroll practices affecting Plaintiff are applicable to the proposed class.

17. Plaintiff has worked for Defendants from in or around October 2022 to the present.

18. At all times relevant during Plaintiff's employment, he worked for Defendant full-time, and has paid approximately $18 per hour, paid via direct deposit on a bi-weekly basis.

19. Plaintiff clocks in and out via a mobile app.

20. Plaintiff typically works four ten hour shifts for Defendant beginning at 7 am.  It is common for Plaintiff to work more than ten hours in a single day on or or more days per week, and he has also worked overtime hours in excess of forty hours, particularly at the beginning of his employment.

21. Plaintiff's job responsibilities as a mobile dispatcher include picking up a delivery van at Defendant's 122 West 146th Street Manhattan location, loading it with prescription deliveries, and then meeting other of Defendant's employee who work as couriers to further distribute those prescriptions so that the couriers can make individual deliveries to customers' addresses.

22. Defendant's workflow required Plaintiff to bring out the delivery vans from a parking area and load up bins of prescription deliveries, dropping off those deliveries at prescribed distribution points, and then bringing back the van empty to receive more deliveries.

23. Defendant would reach out to Plaintiff throughout the day to let him know when prescription bins were ready and ask him to come back and pick them up as well as various other ad hoc requests and tasks throughout the day.

24. Defendant's business was especially busy for the first couple of months of Plaintiff's employment and he was usually required to work more than forty hours per week during this time. The staffing level, growth of Defendant's business, and their workflow design and practices did not and do not allow Plaintiff to take 30 min meal breaks on most days.

25. In the beginning of Plaintiff's employment, when he regularly worked overtime hours, and even now, he usually does not take a 30 min meal break as Defendant's work demands do not allow him to more than one workday out of every four on average.

26. Despite Plaintiff's inability to take his 30 min meal break for approximately the first one and one-half months of his employment, in or around October and November, Defendant improperly deducted 30 mins from Plaintiff's hours automatically as a matter of policy.

27. Defendant's deductions were made despite the fact that they could see that Plaintiff was not clocking out for his meal breaks as he was unable to take them due to Defendant's work demands and workflow.

28. For several weeks of the employment, Plaintiff stood witness as he and other similarly situated employees were not receiving regular and uninterrupted lunch breaks of at least 30 minutes within the statutorily prescribed window of time.

29. Defendant during the employment changed the policy concerning automatic deductions of lunch breaks, and stopped automatically deducting time from employees, recognizing the issue with employees not being able to take a proper lunch break.

30. More than 25% of Plaintiff's job duties were physical tasks, including lifting prescription bins and boxes of Defendant's merchandise, loading and unloading his delivery van,

driving the delivery van to distribution points, and distributing delivery packages to Defendant's couriers.

31. Plaintiff and proposed class members spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

32. Despite Plaintiff and the proposed class qualifying as Manual Workers, at all times relevant Defendant paid them on a bi-weeky basis.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendant's Conduct**

33. Plaintiff and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages. The timely payment of earned wages were and are crucial to Plaintiff's ability to pay day to day and monthly expenses, especially due to New York's high cost of living.

34. Defendant's late wage payments also deprived Plaintiff and other similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. Defendant reaped billions in revenue from retail sales as a direct result of its Manual Workers' labor, while unlawfully withholding wages from and paying late its employees who are least able to weather these unjust delays.

## **COLLECTIVE ACTION ALLEGATIONS**

35. Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> All current and former hourly employees of Defendant in New York State for the three-year period prior to the filing of the complaint.

36. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than two hundred (200) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

38. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of

the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

40.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> 1. Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;
>
> 2. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;
>
> 3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> 4. Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;
>
> 5. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;
>
> 6. Whether Defendant improperly deducted meal breaks from Plaintiff and Collective Action Members;
>
> 7. Whether the Defendant failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.
>
> 8. Whether the Defendant failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked.

Case 1:23-cv-02874-JHR   Document 1   Filed 04/06/23   Page 9 of 20

41. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## CLASS ACTION ALLEGATIONS

43. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

44. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> All current and former hourly employees of Defendant in New York State for the six-year period prior to the filing of the complaint.

45. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiff's observations while working for Defendants and available public information, there are a minimum of 200 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

46. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the

financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

47. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

48. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

49. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

50. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

51. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

52. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

53. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

> 1. Whether the Defendant employed Plaintiff and the Class members within the meaning of the New York Labor Law;

2. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

4. What hourly was the employee's hourly rate;

5. Whether the Defendant improperly deducted meal breaks from Plaintiff and the Class members hours;

6. Whether the Defendant failed to pay Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

7. Whether the Defendant failed to pay Plaintiff and the Class members the required minimum wage for all hours worked;

8. What was the employee's duties;

9. What was the employee's frequency of pay;

10. What were the characteristics of the annual wage notices and periodic wage statements provided to the employee;

10. Whether Defendant's violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

11. Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime and Minimum Wage

*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

54. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

55. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

56. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. At all relevant times, Defendant employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

58. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

59. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. As a result of its policy of deducting meal breaks from its employees pay that they did not actually take, Defendant failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

60. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the required minimum wage for all hours worked. As a result of its policy of deducting meal breaks from its employees' pay that it did not actually take, Defendant failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage in the lawful amount for all hours.

61. At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week and refusing to pay at the minimum wage rate for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

62. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week and at the minimum wage for all hours worked, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

63. Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

64. Defendant failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

65. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

66. Due to the reckless, willful and unlawful acts of Defendant, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wage compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

67. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime Pay, Minimum Wage, and Spread of Hours Pay**

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

68. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

69. Defendant employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

70. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay Plaintiff and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked as a result of its policy of improperly deducting meal breaks.

71. Plaintiff and the Proposed Rule 23 Class were and are entitled to receive spread of hours pay of one additional hours' pay at the applicable minimum rate for each hour worked in a

given day or workshift in excess of ten hours.  Defendants failed to pay Plaintiff and the Proposed Rule 23 Class members the required spread of hours pay as a result of its improper deduction of meal breaks.

72. Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

73. Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

74. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

75. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

76. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

77. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime

hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

78. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Untimely Pay

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

79. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

80. The timely payment of wages provisions NYLL § 191 and its supporting regulation apply to Defendant and protect Plaintiff and the Proposed Class.

81. Defendant failed to pay Plaintiff and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

82. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

83. All of TJX's non-exempt workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

84. As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt.*, LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

85. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiff under Article III that is within the federal judicial power because Plaintiff has "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

86. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action to compensate Plaintiff and the Class for their lost time value of money and other financial damages sustained as a result of Defendant's late wage payments, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## COUNT IV: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

87. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

88. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

90. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

92. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

93. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23

Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime and minimum wage compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendant's failure to pay overtime, minimum wage, and spread of hours pay compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of liquidated and compensatory damages for untimely pay pursuant to NYLL;

vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii. Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x. An award of prejudgment and post-judgment interest;

xiii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
April 6, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810,
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*