**Law Office of Mohammed Gangat**

675 3rd Ave, Su 1810, NY, NY 10017
(718) 669-0714 mgangat@gangatpllc.com

October 23, 2023

*Via ECF*

Honorable Judge Jennifer H. Rearden
U.S District Court, Southern District of New York
500 Pearl St,
New York, NY 10007

    <u>Re</u>:    <u>**Hector Lopez v. Capsule Corporation,**</u>
            <u>**Case No. 1:23-cv-02874-JHR**</u>

       I am counsel for plaintiff Hector Lopez ("Plaintiff") in the above-referenced action (the "Action"). I am seeking your Honor's approval of the settlement of this Action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The settlement is for $10,000.00.

       This Action is brought by Plaintiff against Capsule Corporation ("Defendant"), where he worked as a mobile dispatcher. The Complaint raises claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the Defendant's alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday in excess of ten hours per day), failure to pay in a timely manner, and failure to provide wage notices and accurate wage statements.

       Although the complaint in this matter was initially filed on behalf of Plaintiff and a proposed class of similarly situated employees, after filing the complaint, Plaintiff's counsel was advised that Plaintiff had signed an arbitration agreement, with a class action waiver. Thereafter, the parties agree to stay this matter in favor of arbitration.

       The parties to this Action, by and through their attorneys, subsequently had multiple conversations regarding settlement and ultimately negotiated a compromise settlement figure of $10,000 to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written settlement agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

          **I.**    **Legal Standard**

       As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Second Circuit requires the Court to review and scrutinize settlement agreements to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement. It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206.

The parties' Agreement contains a release limited to wage and hour claims and contains no requirement for confidentiality. The attorney's fees are the usual and customary 33.33% of the net settlement amount after expenses are deducted from the gross settlement amount. Thus, none of the red flags from *Cheeks* are present here.

The *Wolinsky* case set forth several factors to resolve "[t]he ultimate question" of "whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky*, 900 F.Supp.2d at 335. As set forth below, a review of those factors support approval of the parties' settlement.

## II.    Analysis of the *Wolinsky* Factors

The first factor is "the plaintiff's range of possible recovery." *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted). Here, Plaintiff's estimated range of recovery on his wage claims was between $10,000 and $20,000, plus an equivalent amount in liquidated damages, plus prejudgment interest and attorneys' fees.

Plaintiff also estimated that he was entitled to $10,000 in statutory penalties for failure to provide a wage notice and wage statements.

Plaintiff is choosing to take a discount on those potential damages in light of the litigation risk, particularly as this matter has been stayed in favor of arbitration. In order to recover, Plaintiff would need to overcome various disputed factual issues, including with respect to job duties and hours worked, and proceed through arbitration and ultimately win an arbitration hearing. And beyond that, he would need to wait for and possibly move to enforce any judgment. Winning in arbitration and securing a judgment could take significant time and resources and involves a large amount of uncertainty. Plaintiff concluded that based on the risk and uncertainties inherent in litigation, recovery by this settlement is preferable to continued litigation.

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d at 335 (quotations & citations omitted). This is a significant factor for settling. Plaintiff prefers the security of getting money now versus after conducting numerous party depositions (with the services of a translator), completing paper discovery, conducting expert discovery, and preparing and participating in an arbitration hearing. Plaintiff considers the settlement amount to be a favorable recovery and he will be able to obtain a significant recovery, without confronting the risks of arbitration. Plaintiff's circumstances are such that it is in his

best interests to receive an expedient settlement payment, rather than further litigation in arbitration, and risk the ability to receive and collect a judgment.

Defendant wants to avoid the time and expense of defending this claim. Although Defendant disputes the factual allegations, and believes it has legal defenses to each claim, Defendant believes that the settlement is fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including discovery costs, motion practice, and attorneys' fees, which would be significant if the case were to go to hearing in arbitration. Additionally, Defendant has considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiff were to prevail, which could result in a large fee award, even if damages were minimal. Furthermore, Defendant believes the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel.

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted), as per above, both parties gave serious consideration to the risks involved in continued litigation in arbitration. In that regard, both parties decided to enter into this settlement after a thorough review of those risks, including, for Plaintiff, the uncertainties inherent in litigation (in an arbitration forum) and the potential difficulties in securing a judgment. For Defendant, those risks included the expense of significant time and resources, disruption to its operations, and the risk of an adverse judgment.

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," *Wolinsky*, 900 F.Supp.2d at 335(quotations & citations omitted). As per above, this settlement is fully the product of arm's length bargaining between experienced counsel in wage and hour matters. The settlement is reasonable under all of the *Wolinsky* factors.

### III.    Reasonable Attorney's Fee

The attorney's fee is also reasonable. Employees who are denied  wages that are due typically cannot afford reasonable hourly rates, and many solo practitioners are unwilling to risk their time and efforts to vindicate the rights of disenfranchised employees. The Plaintiff in this matter could not afford to pay usual and customary hourly fees to litigate this matter on his behalf.  Due to these circumstances, Plaintiff's counsel represented Plaintiff on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

Some courts defer to the contract between the plaintiffs and their counsel. *Mares v. Dal Chon Kim*, 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. 2016) ("[T]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer . . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney"). The latter view was espoused by the United States Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82 (1990), where the Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

> controls what the losing defendant must pay, not what the
> prevailing plaintiff must pay his lawyer. What a plaintiff may be
> bound to pay and what an attorney is free to collect under a fee
> agreement are not necessarily measured by the 'reasonable
> attorney's fee' that a defendant must pay pursuant to a court order.
> [The statute] itself does not interfere with the enforceability of a
> contingent-fee contract.

*Mitchell*, 495 U.S. at 90.

Similarly, in *Cheeks*, the Second Circuit Court of Appeals noted that the duty to pay wages falls upon the employer -- not the employee's counsel who labored for an agreed-upon fee. In *Cheeks*, the Second Circuit expressly noted "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks*, 796 F.3d at 207. *Cheeks* only requires a court to review "adequate documentation" of the fee, which is submitted herein, and a review of the settlement amount that the employer is paying to the employees. *Id.* at 206. *Cheeks* is in full accord with *Mitchell*, where the Supreme Court limited its view to what the "losing defendant must pay," and approved the plaintiff's counsel's fee based upon the private contract between the parties, without intruding into the relationship between plaintiff and counsel. *See Mitchell*, 495 U.S. at 89.

A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *5 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). However, one-third is not the "'maximum fee percentage' that counsel may be awarded." *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id.* Here, of the total $10,000 settlement amount, the attorney's fee is one third of the net amount after expenses are taken out. The expenses are $475.30 and consist of a $402 filing fee and $73.30 in process server expenses.

In view of the foregoing, Plaintiff, on behalf of the parties, respectfully requests that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

The settlement amount is reasonable given the practical factors of litigation risk, time and expense. In reaching the figure, the parties and their attorneys had multiple conversations and negotiations resulting in the parties reaching a compromise. The settlement amount constitutes a

substantial recovery of the plaintiff's FLSA damages, including his liquidated damages, without the need for the case to be litigated through arbitration.

In all, the Agreement is in line with the mandate from *Cheeks* and satisfies the *Wolinsky* factors. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and Plaintiff, on behalf of the parties, respectfully requests that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.